

COPY

1   Derek J. Emge (SBN 161105)
2   derek@emgelawfirm.com
    Suzanne K. Emge (SBN 163250)
3   suzanne@emgelawfirm.com
    EMGE & ASSOCIATES
4   225 Broadway, Suite 1350
    San Diego, CA  92101
5   Tel.:  (619) 595-1400 / Fax:  (619) 595-1480
6
7   Matthew J. Zevin (SBN 170736)
    mzevin@stanleyiola.com
8   STANLEY • IOLA, LLP
    225 Broadway, Suite 1350
9   San Diego, CA  92101
10  Tel.:  (619) 235-5306 / Fax:  (815) 377-8419

11  Attorneys for Plaintiff JOHN GRAHAM and All
12  Others Similarly Situated

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15  JOHN GRAHAM, Individually and On        Case No.: SACV 13-743-JST
    Behalf of All Others Similarly Situated,                        (JPRx)
16                                          CLASS ACTION
17                    Plaintiffs,           COMPLAINT FOR:
                                            1. **Violations of Truth In Lending Act,**
18  v.                                         **15 U.S.C. § 1601, et. seq.;**
                                            2. **Unjust Enrichment;**
19  CAPITAL ONE BANK (USA), N.A.;           3. **Fraud in the Inducement;**
    and DOES 1 through 10, Inclusive,       4. **Fraud in the Execution;**
20                                          5. **Violations of California Business &**
21                    Defendants.              **Professions § 17500, et seq.**
                                            6. **Unlawful Business Practices in**
22                                             **Violation of California Business &**
                                               **Professions § 17200, et seq.**
23                                          7. **Unfair Business Practices in**
24                                             **Violation of California Business &**
                                               **Professions § 17200, et seq.**
25                                          8. **Fraudulent Business Practices in**
26                                             **Violation of California Business &**
                                               **Professions § 17200, et seq.**
27                                          9. **Violations of Truth In Lending Act,**
28                                             **15 U.S.C. § 1642.**
                                            **JURY TRIAL DEMANDED**

                            **COMPLAINT**

1    Plaintiff, John Graham ("Plaintiff") by and through his attorneys, brings this

2    class action against Defendant Capital One Bank(USA), N.A. ("Defendant" or

3    "Capital One"), on his own behalf and on behalf of all others similarly situated, and

4    alleges as follows based upon personal knowledge, upon information and belief,

5    and upon the investigation of his counsel:

6                                    **NATURE OF THE ACTION**

7        1.      This action arises out of Defendant's routine practice of providing

8    false disclosures in conjunction with applications for credit cards that are co-

9    branded with non-party Best Buy Co., Inc. ("Best Buy").

10       2.      As required under the Federal Truth and Lending Act, 15 U.S.C. 1601

11   *et seq.* ("TILA"), the disclosures include "Schumer Boxes" that affirmatively state

12   that the credit cards do not have an annual fee.  Contrary to those TILA-mandated

13   disclosures, however, Capital One routinely issues consumers credit cards that have

14   an annual fee.  Accordingly, the TILA-mandated disclosures are false and

15   misleading, and consumers have suffered injury because they have been forced to

16   pay an annual fee that was not properly disclosed.

17                                    **PARTIES**

18       3.      Plaintiff John Graham ("Plaintiff") resides in Costa Mesa, California

19   and, in reliance on Defendant's false and misleading Schumer Box disclosures, he

20   applied for a "no annual fee" Capital One credit card that was co-branded with Best

21   Buy.  Instead of receiving a no-annual fee credit card, Plaintiff received a credit

22   card that had an annual fee of $39.00.

23       4.      Capital One is a national association chartered under the laws of the

24   United States.  It serves as the credit card subsidiary of Capital One Financial

25   Corporation, a Delaware Corporation with its headquarters in McLean, Virginia.

26   Capital One conducts a substantial amount of business nationwide, including in

27   California.  As of December 31, 2012, it held approximately $91.8 billion in credit

28   card loans.

1

**COMPLAINT**

5.     Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and will amend this Complaint to set forth the true names and capacities of said defendants, along with the appropriate charging allegations when the same have been ascertained.

6.     Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of said defendants, along with the appropriate charging allegations when the same have been ascertained.

7.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, all defendants, and each of them, were acting as the agent and/or employee of each remaining co-defendant, and were acting with permission and consent of one another, and within the course and scope of said agency and/or employment.  Plaintiff is further informed and believes that each co-defendant, by and through its officers, directors or managing agents ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

## JURISDICTION AND VENUE

8.     Plaintiff realleges by reference, as if fully set forth herein, all of the above-referenced paragraphs.

9.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §§ 1640(e) for the claims brought under the federal Truth In Lending Act ("TILA"), 15 U.S.C. 1601, *et seq.*

10.    The Court also has original jurisdiction over this Action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) at least some members of the proposed Class have a different citizenship from Defendant; and (2) the claims of the proposed Class members exceed $5,000,000.00 (Five Million U.S. Dollars) in the aggregate.

11.     The Central District of California has personal jurisdiction over the Defendant named in this action because Defendant is a corporation or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avail itself of the California market through the operation of their credit card business within the State of California, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

12.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant has conducted business in this District, and a substantial portion of the conduct complained of herein, including Defendant's interactions with Plaintiff, occurred in this District.

13.     As described herein, Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, Defendant solicited business from residents and other individuals within the State of California, conducted business with consumers in the State of California, solicited and conducted business with Plaintiff and others similarly situated, said business being the subject matter of this Class Action Complaint.

## FACTUAL ALLEGATIONS

14.     In the second half of December, 2012, Plaintiff visited the Best Buy Internet website and saw a link to a credit card offer that identified two credit cards - the Reward Zone Platinum MasterCard and the Reward Zone Credit Card (collectively, the "BEST BUY REWARD ZONE CREDIT CARDS").

15.     During the second half of December, 2012, Plaintiff accessed a three-page "BEST BUY REWARD ZONE CREDIT CARD APPLICATION" on the Best Buy website.  A true and correct copy of the application is attached hereto as Exhibit "A."

/ / /

3

**COMPLAINT**

16.   Plaintiff also read the accompanying disclosure entitled "Important Account Information," which included two "Schumer Boxes," one for each of the two credit cards offered.   Under the "REWARD ZONE PLATINUM MASTERCARD Account Opening Table," the applicable "Schumer Box," clearly and conspicuously stated in large type: "**Annual Fee**: NONE," with "none" in all capitals.   A true and correct copy of this disclosure is attached hereto as Exhibit "B."

17.   Similarly, for the Reward Zone Credit Card, a second "Schumer Box" clearly and conspicuously stated in large type: "**Annual Fee**: NONE," with "none" in all capitals. (Exhibit "B").   The two Schumer Boxes attached as Exhibit B were the only Schumer Boxes accompanying the application.

18.   Relying on these disclosures, Plaintiff completed and submitted online the BEST BUY REWARD ZONE CREDIT CARD APPLICATION.   A significant and material factor in Plaintiff's decision to apply for the credit cards was the Schumer Box disclosures that there would be no annual fee.   Had Defendant disclosed that it would charge an annual fee, Plaintiff would not have applied for either Reward Zone credit card.

19.   On or about December 28, 2012, Plaintiff sought to check on the status of his application and called Capital One Customer Service.   He was told his application for credit was accepted, and he received an account number to use for immediate purchasing.   On that same day, he used the account number to purchase an item at the Best Buy store in Costa Mesa, California.

20.   On or about January 2, 2013, Plaintiff accessed an online statement for his Reward Zone credit card from Capital One and learned for the first time that he had been charged an annual fee of $39.00.

21.   Plaintiff was surprised and angry that he had been charged an annual fee, and he called Capital One to rectify the mistaken charge.   He was, however, told by a Capital One customer service representative that the annual fee could not

4

**COMPLAINT**

be waived. Further he was told that he could not rescind the credit card without paying the $39 annual fee.

22.     On or about January 9, 2013, Plaintiff received by mail a credit card from Capital One. Although he applied for either the Reward Zone Platinum MasterCard or the Reward Zone Credit Card, he received a completely different credit card, the Best Buy Rewardzone Gold MasterCard, which was not mentioned or disclosed in the BEST BUY REWARD ZONE CREDIT CARD APPLICATION or its accompanying Schumer Boxes.

23.     On or about February 10, 2013, Plaintiff paid at least a portion of the $39 annual fee, and Plaintiff believes that he has been required (and will continue to be required) to pay interest on at least a portion of that fee.

24.     Upon information and belief, Defendant has used the same false and misleading Schumer Box disclosures with all of its BEST BUY REWARD ZONE CREDIT CARD APPLICATIONS.

## CLASS ALLEGATIONS

25.     Plaintiff JOHN GRAHAM brings this action on behalf of himself and all others similarly situated as a member of the proposed nationwide plaintiff class and subclasses (collectively hereafter the "Classes") defined as follows:

**Nationwide Class**: All persons residing in the United States who, between May 8, 2011 and the present, submitted a BEST BUY REWARD ZONE CREDIT CARD APPLICATION that was accompanied by one or more "Schumer Boxes" that promised "no annual fee," but who subsequently received a credit card from Capital One that had an annual fee.

**TILA Subclass**: All persons residing in the United States who, between May 8, 2012 and the present, submitted a BEST BUY REWARD ZONE CREDIT CARD APPLICATION that was accompanied by one or more

5

"Schumer Boxes" that promised "no annual fee," but who subsequently received a credit card from Capital One that had an annual fee.

**California Subclass**:  All persons residing in California who, between May 8, 2009 and the present, submitted a BEST BUY REWARD ZONE CREDIT CARD APPLICATION that was accompanied by one or more "Schumer Boxes" that promised "no annual fee," but who subsequently received a credit card from Capital One that had an annual fee.

26.   Excluded from the Classes are Defendant, as well its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Defendant.  Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

27.   **Numerosity**:  Upon information and belief, the Classes are composed of hundreds or thousands of individuals in California and nationwide, whose joinder of this action would be impracticable.  The disposition of their claims through this class action will benefit Class members, the parties, and the courts.

28.   **Existence and Predominance of Common Questions of Fact and Law**:  There is a well-defined community of interest in questions of law and fact affecting the Classes.  These questions of law and fact predominate over individual questions affecting individual Class members, including, but not limited to, the following:

> (a)   Whether Defendant charged consumers an annual fee after representing that no annual fee would be charged;

/ / /

6

COMPLAINT

(b) Whether Defendant's credit card application disclosures violated TILA;

(c) Whether Defendant provided different credit cards from those referenced in its application and TILA-mandated disclosures;

(d) Whether Defendant's practice of charging an annual fee on Credit Cards after representing that no annual fee would be charged constitutes unlawful, unfair or fraudulent conduct under California law;

(e) Whether Defendant misrepresented and/or failed to disclose material facts about its annual fees on its disclosures in conjunction with credit card applications;

(f) Whether Defendant's conduct, as alleged herein, is intentional and knowing;

(g) Whether Class members are entitled to damages and/or restitution; and, if so, what is the amount of damages and/or restitution available to Class members as a result of the conduct alleged herein; and

(h) Whether Class members are threatened with irreparable harm or are otherwise entitled to injunctive and other equitable relief; and, if so, what is the nature of such relief.

29.     **Typicality**:  Plaintiff's claims are typical of, and are not antagonistic to, the claims of all Class members.  Plaintiff and the Class he seeks to represent have all been deceived (or were likely to be deceived) by Capital One's misrepresentations about the lack of annual fees associated with Defendant's credit cards.

30.     **Adequacy**:  Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent.  Plaintiff will fairly and adequately represent and protect the

7

1   interest of the Classes because he has no interest that is antagonistic to the Classes.

2   Plaintiff has retained counsel who are competent and experienced in the prosecution

3   of consumer fraud and class action litigation.

4        31.   **Superiority**: The class action device is superior to other available

5   means for the fair and efficient adjudication of Plaintiff's and Class members'

6   claims. Because of the relatively modest size of individual Class members' claims,

7   few, if any, Class members could afford to seek legal redress of the wrongs

8   complained of herein on an individual basis. Absent the class action, Class

9   members and the general public will likely continue to be deceived and suffer

10  economic injury, and the violations of law described herein will continue without

11  remedy, and Capital One will be permitted to retain the proceeds of its misdeeds.

12       32.   All Class members, including Plaintiff, were exposed to Defendant's

13  TILA-mandated, Schumer Box misrepresentations claiming that the credit cards

14  had no annual fee, when in fact there was an annual fee. Defendant was required by

15  TILA to clearly and conspicuously disclose the existence of an annual fee in a

16  Schumer Box accompanying its credit card applications, and it can be reasonably

17  inferred that Defendant's misrepresentations concerning "no annual fee" were

18  uniformly made to, and seen by, all members of the Class. In addition, Plaintiff

19  relied and acted, and it can be reasonably presumed that all Class members

20  affirmatively relied and acted in response to Defendant's TILA-mandated

21  disclosures that there would be no annual fee in connection with Defendant's credit

22  cards.

23                              **FIRST CLAIM**

24                     **(On behalf of the TILA Subclass)**

25       **(Violations of Truth In Lending Act 15 U.S.C. § 1601 *et seq.*)**

26       33.   Plaintiff realleges by reference, as if fully set forth herein, all of the

27  above-referenced paragraphs.

28  / / /

**COMPLAINT**

34.     The federal Truth In Lending Act, including 15 U.S.C. §§ 1632 and 1637, as well as its implementing Regulation Z, including 12 C.F.R. §§ 226.5 and 226.6, require a credit card issuer, such as Defendant, to clearly, conspicuously and accurately disclose all periodic fees, including annual fees, in a tabular format commonly referred to as a "Schumer Box."  The Schumer Box is required to be provided in conjunction with applications to open credit card accounts.

35.     Defendant provided "Schumer Box" disclosures in conjunction with its BEST BUY REWARD ZONE CREDIT CARD APPLICATION which falsely disclosed that the credit cards would have no annual fees.  Plaintiff read and relied on these TILA-mandated disclosures, and it can be reasonably inferred and presumed that all members of the TILA Subclass read and relied on these TILA-mandated disclosures.

36.     Despite Defendant's representations stating that its Best Buy co-branded credit cards had no annual fees, Plaintiff and the other TILA Subclass members received credit cards that had an annual fee and were charged an annual fee within the first billing cycle after receiving their credit card.

37.     When Plaintiff and the TILA Subclass received the annual fee charge, they had no option but to pay it, including any associated finance charges.  Once a charge has been made on the credit card, Capital One would not allow the cancelation of the credit card without paying the annual fee.

38.     Capital One's repeated, express representations promising no annual fees in its TILA-mandated Schumer Box disclosures were false, misleading and violated TILA and Regulation Z.

39.     Plaintiff, on behalf of himself, and on behalf of the TILA Subclass, seeks all remedies and relief pursuant to the provisions of the federal Truth In Lending Act 15 U.S.C. § 1601, *et seq*., including, inter alia, injunctive relief, statutory damages, actual damages, restitution and the disgorgement of money acquired by means of the misleading business practices alleged above.

9

**COMPLAINT**

40.     As a result of Defendant's misrepresentations about annual fees, Plaintiff and the TILA Subclass have suffered actual monetary damages, including, but not limited to, the amount of annual fees charged and paid, as well as any finance charges accrued and paid on the annual fees, in an amount to be established at trial. Plaintiff and the TILA Subclass will also suffer irreparable harm if Defendant's conduct is not enjoined.

41.     As a result of the foregoing, Plaintiff and the TILA Subclass have been damaged in an amount to be proven at trial.

## SECOND CLAIM

### (On behalf of the Nationwide Class)

### Unjust Enrichment

42.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

43.     Capital One has knowingly obtained annual fees from Plaintiff and the Class.

44.     Capital One obtained the annual fees through its fraudulent misrepresentation that the BEST BUY REWARD ZONE CREDIT CARDS had no annual fees. Subsequently, Plaintiff and the Class were charged annual fees.

45.     Capital One has retained the annual fees to its benefit under circumstances that render it inequitable.

46.     As a result of Defendant's misrepresentations about annual fees, Plaintiff and the Nationwide Class have suffered actual monetary damages, including, but not limited to, the amount of annual fees charged and paid, as well as any finance charges accrued and paid on the annual fees, in an amount to be established at trial. Plaintiff and the Nationwide Class will also suffer irreparable harm if Defendant's conduct is not enjoined.

47.     As a result of the foregoing, Plaintiff and the Nationwide Class have been damaged in an amount to be proven at trial.

10

**COMPLAINT**

## THIRD CLAIM

### (On behalf of the Nationwide Class)

### Fraud in the Inducement

48.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

49.     Fraudulent inducement occurs when: (1) a misrepresentation is either fraudulent or material; (2) a misrepresentation induces the recipient to form a contract; and (3) the recipient is justified in relying on the misrepresentation. If all of these requirements are met, the contract is voidable. The Restatement (Second) of Contracts § 164 (1981).

50.     Defendant's representation that it would not charge an annual fee for the BEST BUY REWARD ZONE CREDIT CARDS was fraudulent and material and reasonably induced Plaintiff and the Nationwide Class to apply for and receive credit cards from Defendant.

51.     Plaintiff and the Nationwide Class were reasonably justified in relying on Defendant's misrepresentations because Defendant clearly and conspicuously stated that there was no annual fee in the TILA-mandated "Schumer Boxes" accompanying its BEST BUY REWARD ZONE CREDIT CARD APPLICATION.

52.     As a result of Defendant's unlawful acts and practices, Plaintiff and the Nationwide Class have suffered actual monetary damages, including, but not limited to, the amount of annual fees charged and any finance charges on the annual fees, in an amount to be established at trial.

53.     As a result of the conduct described above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and members of the Nationwide Class. Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its unlawful conduct.

**COMPLAINT**

54.   Through its unlawful acts and practices, Defendant has improperly obtained money from Plaintiff and the Nationwide Class, and will continue to improperly obtain money from the general public.  As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all Nationwide Class members, and to enjoin Defendant from its continued fraudulent inducement as discussed herein.  Otherwise, Plaintiff, the Nationwide Class, and members of the general public, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. Plaintiff and the Nationwide Class will also suffer irreparable harm if Defendant's conduct is not enjoined.

55.   Plaintiff, on behalf of himself, and on behalf of the Nationwide Class, seeks all remedies, including, inter alia, injunctive relief, restitution and the disgorgement of money acquired by means of the unlawful business practices alleged above.

## FOURTH CLAIM

### (On behalf of the Nationwide Class)

### Fraud in the Execution

56.   Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

57.   Fraud in the execution occurs if a "misrepresentation" as to the character or essential terms of a proposed contract induces conduct that appears to be a manifestation of assent by one who neither knows nor has reasonable opportunity to know of the character or essential terms of the proposed contract." The Restatement (Second) of Contracts § 163 (1981).  If the elements of fraud in the execution are met, the contract is not merely voidable, it is void. *Id.*

58.   Pursuant to TILA, annual fees are an essential term in a contract for consumer credit.  TILA requires that the amount of annual fees to be charged in a contract for consumer credit, not only be disclosed, but be clearly and

**COMPLAINT**

1    conspicuously disclosed in a "Schumer Box" accompanying a credit card
2    application.

3         59.    Defendant misrepresented the character of the annual fees by
4    expressly stating in the Schumer Boxes accompanying its BEST BUY REWARD
5    ZONE CREDIT CARD APPLICATIONS that no annual fees would be charged.
6    Defendant's misrepresentation induced Plaintiff and members of the Nationwide
7    Class to obtain credit from Defendant that they would not otherwise have obtained.
8    Plaintiff and the Nationwide Class neither knew, nor had a reasonable opportunity
9    to know, that they would be charged an annual fee.  As a result, fraud in the
10   execution has occurred and their contract for credit from Defendant is void.

11        60.    The policies, acts and practices employed by Defendant, as described
12   herein, are known, implemented and endorsed by Defendant.

13        61.    As a result of Defendant's unlawful acts and practices, Plaintiff and
14   the Nationwide Class have suffered actual monetary damages, including, but not
15   limited to, the amount of annual fees charged and any finance charges on the annual
16   fees, in an amount to be established at trial.

17        62.    As a result of the conduct described above, Defendant has been, and will
18   continue to be, unjustly enriched at the expense of Plaintiff and members of the
19   Nationwide Class.  Specifically, Defendant has been unjustly enriched by obtaining
20   revenues and profits that they would not otherwise have obtained absent its unlawful
21   conduct.

22        63.    Through its unlawful acts and practices, Defendant has improperly
23   obtained money from Plaintiff and the Nationwide Class, and continue to improperly
24   obtain money from the general public.  As such, Plaintiff requests that this Court
25   cause Defendant to restore this money to Plaintiff and all Class members, and to
26   enjoin Defendant from its continued fraud in the execution as discussed herein.
27   Otherwise, Plaintiff, the Nationwide Class, and members of the general public, may
28   be irreparably harmed and/or denied an effective and complete remedy if such an

**COMPLAINT**

order is not granted.  Plaintiff and the Nationwide Class will also suffer irreparable harm if Defendant's conduct is not enjoined.

64.    Plaintiff, on behalf of himself, and on behalf of the Nationwide Class, seeks all remedies, including, inter alia, injunctive relief, restitution and the disgorgement of money acquired by means of the unlawful business practices alleged above.

## FIFTH CLAIM

### (On behalf of the California Subclass)

### (Violation of California Business & Professions Code § 17500, *et seq.*)

65.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

66.    The California Business & Professions Code § 17500, *et seq.* ("§ 17500") prohibits unfair, deceptive, untrue, or misleading statements, including, but not limited to, false statements as to fees attached to credit offerings.

67.    Defendant's Schumer Boxes falsely stated that consumers would not be charged an annual fee for obtaining Best Buy Reward Zone Credit Cards, and were therefore deceptive and misleading within the meaning of the California Business and Professions Code.

68.    Plaintiff relied on Defendant's false and material representations that there would be no annual fee, and he suffered economic injury because, contrary to those disclosures, he was charged an annual fee.

69.    Through its false and misleading statements, Defendant has improperly obtained money from Plaintiff and the California Subclass, and continues to improperly obtain money from the general public.  As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all California Subclass members, and to enjoin Defendant from continuing to violate § 17500 as discussed herein.  Otherwise, Plaintiff, the California Subclass, and members of the

14

**COMPLAINT**